UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
        v.                           )    No. 2:25-cr-00017-JRO-CMM
                                     )
JARED M. GRAVES,                     )
                                     )
            Defendant.               )

**ORDER ON MOTIONS IN LIMINE**

Before the Court are the Government's motions in limine, dkts. [74] & [75], and Defendant Jared M. Graves's motions in limine, dkt. [69]. The Government also has filed a notice of intent to use evidence of Graves's prior conviction and requests a preliminary ruling on this evidence. Dkt. [104]. The Court has considered the parties' briefing and oral argument made at the May 21, 2026, final pretrial conference. For the reasons stated below, the Court rules as follows.

**I. FACTS AND BACKGROUND**

Graves is charged in a second superseding indictment with two counts, (1) Possession with Intent to Distribute Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and that before this offense was committed he had a final conviction for a serious violent felony for which he served more than one year of imprisonment, and (2) Unlawful Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). Dkt. 79.

The background for this case is well-summarized in the Court's findings of fact in its recent order denying Defendant's motions to suppress. Dkt. 87 at 3–6. In sum, the Vigo Country Drug Task Force began investigating Graves after receiving a tip from a confidential informant that he was dealing methamphetamine and operating out of his residence in Terre Haute, Indiana. The investigation led to a K-9 sniff of Graves's vehicle on June 30, 2025. After the K-9 alerted on the vehicle, police found two small plastic bags of a crystal-like substance in the vehicle, one on the driver seat and one in the trunk. Graves was arrested, and officers obtained a search warrant for the residence, 2341 Seabury Avenue. In the search of the home, officers reported locating methamphetamine, suspected marijuana and psychedelic mushrooms, and several firearms. A later search of Graves's cell phone revealed photographs and text messages the Government asserts are related to drug-dealing activity.

Trial is set for June 1, 2026. Dkt. 57. Both parties have filed various motions in limine seeking preliminary admissibility rulings for certain evidence.

## II. LEGAL STANDARD

If evidence "clearly would be inadmissible for any purpose," the Court may issue a pretrial order in limine excluding it from further consideration. *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Orders in limine thus "ensure the expeditious and evenhanded management of the trial proceedings" by focusing preparation for trial and streamlining the trial itself. *Id.* They "are of course common, and frequently granted, in criminal as in civil trials." *United States v. Warner*, 506 F.3d 517, 523 (7th Cir. 2007). Still, orders

in limine are preliminary and "subject to change when the case unfolds" because actual testimony may differ from a pretrial proffer. *Luce v. United States*, 469 U.S. 38, 41 (1984). A trial judge does not bind himself by ruling on a motion in limine and "may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### III. DISCUSSION

**A.    Motions under Rule 404(b)**

The Government has filed a notice of intent to use various photos, text messages and testimony related to the Defendant's alleged prior drug-related activity as "other acts" evidence under Federal Rule of Evidence 404(b) and direct evidence of charged conduct. Dkt. 74. The Government's first motion in limine seeks a pretrial ruling on the admissibility of this evidence under Rule 404(b) or as direct evidence. Dkt. 74. Graves does not challenge the Government's first motion in limine with respect to "photos that depict methamphetamine or the specific firearms charged in the Second Superseding Indictment" or "general user attribution evidence establishing that [Graves's] phone belonged to or was used by him," specifically exhibits 57, 59, 60, 62, 65, 66, 67, and 69. *See* dkt. 91 at 1–3, 5–6. The Government's first motion in limine is accordingly **GRANTED in part**; the Court finds this evidence is preliminarily admissible as direct evidence and user attribution evidence. *United States v. Ferrell*, 816 F.3d 433, 443 (7th Cir. 2015) ("Rule 404(b) does not apply to direct evidence of the crime charged.").

However, Graves opposes the admissibility of the remaining exhibits discussed in the Government's motion, dkt. 91, and his first motion in limine

3

requests a preliminary ruling excluding this evidence and additional "other acts" evidence, specifically exhibits 23, 34, 35, 63, and 64, dkt. 69 ¶ 1; dkt. 105 at 1.

### 1.    Rule 404(b) Standard

Federal Rule of Evidence 404(b)(1) prohibits admission of evidence of a person's prior crime, wrong, or act to prove their character so as to argue that on a particular occasion they acted in accordance with that character.  This is often called the propensity inference; and propensity evidence is barred "as a categorical matter."  *See United States v. Gomez*, 763 F.3d 845, 855, 862 (7th Cir. 2014) (en banc).  However, Rule 404(b)(2) authorizes admission of "other acts" evidence when it is "admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

The Seventh Circuit, writing en banc, discussed the "inherent tension" in these two parts of Rule 404.  *Gomez*, 763 F.3d at 856.  For evidence to be admissible under Rule 404(b)(2), the Seventh Circuit explained, it must allow the jury to reach the permitted use through a "chain of reasoning" that is free from the propensity inference.  *Id.*  The district court is instructed to "consider *specifically*" how the evidence serves the non-propensity exception.  *Id.* (citing *United States v. Richards,* 719 F.3d 746, 759 (7th Cir. 2013)).  If the Government can show a non-propensity chain of reasoning, the Court must then conduct the Rule 403 balancing analysis and in doing so "take into account . . . the extent to which the non-propensity fact for which the evidence is offered actually is at issue in the case."  *Id.* at 860.

### 2.    Photos of Uncharged Substances

Graves seeks to exclude exhibit 23, which is a photo of a false bottom container that appears to depict a substance that is not methamphetamine, and exhibits 34 and 35, the physical evidence of suspected psychedelic mushrooms. He argues that evidence of "uncharged substances do not constitute direct evidence of the charged methamphetamine" and are inadmissible under Rule 404(b) because they "invite precisely the propensity chain of reasoning that Rule 404(b)(1) forbids—i.e., that because Mr. Graves possessed or trafficked in one controlled substance, he necessarily possessed a different controlled substance [namely, methamphetamine], with the intent to distribute." Dkt. 91 at 2.

The Government's 404(b) notice did not include exhibits 23, 34, and 35. *See* dkt. 74.   The Court also heard oral argument on this matter at the final pretrial conference.  There, the Government stated that it included exhibits 23, 34, and 35 in its final witness list because an additional superseding indictment remained a possibility and it wanted to preserve the possibility of having sufficient evidence at trial to prove additional charges.  The Government stated that it did not have an objection to excluding this evidence.  Accordingly, Graves's first motion in limine to exclude exhibits 23, 34, and 35 is **GRANTED**.

### 3.    Text Messages of Other Drug Related Activity

The Government states in its first motion in limine that it will seek admission of  two text messages at exhibits 63 and 64, which relate to drug activity that Graves contends cannot be directly tied to distribution of methamphetamine.  Dkt. 69 ¶ 1; Dkt. 74 at 4–5; Dkt. 91 at 3.

Exhibit 63 is an extraction of Graves's text message that states "Yo. I need to reup. How much of that cash/product you have left?" dated May 16, 2025. Exhibit 64 is a screenshot of texts from Graves's phone between him and a third party on May 25, 2025.

> THIRD PARTY: It's gone cleaned it with water it was mostly bunk I promise
>
> No I boofed it
>
> GRAVES: No, I'll clean it with acetone, but you're right, it's no good. I'm pissed. I cleaned a little with acetone. It made it a whole lot better

Following this exchange, the third party made other statements regarding the quality of purchases from Graves. Graves objects to admission of these text messages and seeks their exclusion. Dkt. 69 ¶ 1; Dkt. 91 at 3; Dkt. 105 at 1.

The Government argues that it seeks to admit exhibits 63 and 64 to establish Grave's knowledge that the substances in his possession were controlled substances and to demonstrate his planning, preparation, opportunity and intent to distribute.

> The messages related to a "reup" and use of acetone are evidence of the defendant's intent to distribute as well. Both of the two text messages were just over a month from the date of the defendant's arrest and were indicative of a drug distributor rather than a drug user. Namely, given that Graves communicated to another individual (who ingested a controlled substance) that he treated the substance with acetone, it makes it likely that Graves was dealing in methamphetamine, and intended to distribute the methamphetamine recovered from his home on the day of his arrest. Treating a controlled substance with acetone is the action of a drug dealer rather than a drug user.
>
> . . . .

6

> The proffered evidence is proof of opportunity – that the Defendant had access to, and was frequently connected to, drugs . . . . The evidence specifically make it more likely that he was able to possess and distribute drugs given his desire to reup.
>
> . . . .
>
> The proffered evidence is also admissible because it is indicative of the Defendant's planning and preparation to commit the charged crimes. The Defendant's phone evidence demonstrate that he had regular access to controlled substances . . . and distributed drugs when he so chose. That makes it more likely that, on the date charged in the Indictment, the Defendant was able to possess . . . drugs.

Dkt. 74 at 8, 11–12. The flaw in the Government's reasoning is that merely proffering 404(b) evidence for a non-propensity purpose is not sufficient under the Seventh Circuit's decision in *Gomez.* 763 F.3d at 856 ("[T]he district court should not just ask *whether* the proposed other-act evidence is relevant to a non-propensity purpose but *how* exactly the evidence is relevant to that purpose . . . ."). Even with a non-propensity purpose, "other acts" evidence is inadmissible if there is no "chain of reasoning that supports the non-propensity purpose" that is a "propensity-free chain of reasoning." *Id.*

The Government's reasoning is not propensity free. As its chain of reasoning goes, exhibits 63 and 64 show that Graves had knowledge of controlled substances and had the opportunity, intent, and a plan to "reup" unspecified drugs and treat substances with acetone at the time of the May 16 and 25 texts, thus it is more likely that in June he did the same with respect to the methamphetamine that was discovered in his possession. In other words, the

7

Government has not identified a "non-propensity theory that makes the other-act evidence relevant." *Id.*

Accordingly, Graves's first motion in limine with respect to exhibits 63 and 64 is **GRANTED**, and Government's first motion in limine with respect to these exhibits is **DENIED**.  However, nothing in this order prevents the Government from seeking to offer these exhibits as direct evidence at trial.[1]

**B.    Motion Under Rule 609**

The Government moved to use Graves's prior felony conviction for impeachment against him under Federal Rule of Evidence 609(a).  Dkt. 75. Graves opposed this use and sought to exclude this evidence in his second motion in limine.  Dkt. 69 ¶ 2; Dkt. 89.  At oral argument, the Government conceded that because Graves was released from confinement more than 10 years before the trial date, Rule 609(b) applied to the determination of admissibility.  Under Rule 609(b), a felony older than 10 years may be used only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." The Court finds that the probative value of the evidence as impeachment does not substantially outweigh its prejudicial effect.  Accordingly, the Government's motion in limine regarding impeachment by prior conviction is **DENIED**, *see also* dkt. 98 at 4.

---

[1] At the final pretrial conference, Graves also made an oral motion in limine, arguing exhibit 64 contains inadmissible hearsay evidence.  The Court takes this motion **under advisement**.  It cannot say that this portion of the exhibit is offered for the truth of the matter asserted until the Government places the exhibit in the context of its case.

### C.    Evidence of Prior Felony

In his second motion in limine, Graves seeks to exclude references to the specific armed robbery offense in the Government's presentation of evidence for the purpose establishing his status as a convicted felon.  Dkt. 69 ¶ 2.  Initially, Graves stated that he had "informed the Government of his intention to stipulate to his status as a convicted felon."  Dkt. 70 at 7.  He then argued that such a stipulation would "fully satisf[y] the Government's burden on the prior-conviction element of 18 U.S.C. § 922(g)(1), and controlling Supreme Court precedent compels exclusion of anything more."  *Id.* (citing *Old Chief v. United States*, 519 U.S. 172 (1997)).  However, at the final pretrial conference, Graves stated he will not stipulate regarding his prior conviction.  After the Court heard oral argument on the matter, it **GRANTED** Graves's motion in limine to "limit[] evidence of his prior felony conviction to the minimum information necessary to prove the mere fact of a prior felony conviction."  Dkt. 98 at 4.

On May 26, the Government filed a notice of its "intent to use evidence of Defendant's prior conviction."  Dkt. 104.  The Government seeks to admit records from Effingham County, Illinois, dkt. 104-1, and the Illinois Department of Corrections, dkt. 104-2, to prove elements of the unlawful possession of a firearm offense and the sentencing enhancement under 21 U.S.C §§ 841, 851, that Graves is a serious violent felon.  These records show Graves's prior conviction is one for armed robbery, dkt. 104-1 at 1, and "armed robbery/armed w/firearm," dkt. 104-2 at 1, and they include booking photographs comparing

Graves's tattoo descriptions from the Illinois Department of Corrections to prove his identity, dkt. 104 at 2.

The Court has duly considered the Government's motion in light of the Court's previous ruling on Graves's motion in limine.  Dkt. 98 at 4.  Given the parties' lack of stipulation regarding Graves's prior conviction, the Government will have to present evidence regarding the conviction.  However, to avoid undue prejudice, that evidence must be the bare evidence necessary to establish the fact of the conviction to establish guilt under 21 U.S.C. § 922(g).  The Government may not introduce evidence that the prior conviction was for armed robbery in order to establish that Graves is a convicted felon.  Graves's second motion in limine is **GRANTED**.

However, the Government is entitled to present evidence that Graves is a serious violent felon to establish any sentencing enhancement under 21 U.S.C § 851.  Given Graves's unwillingness to stipulate to this fact, the Government presents a strong case for admissibility of the Effingham County and Illinois Department of Corrects records for the purposes of establishing the sentencing enhancement under 21 U.S.C. § 851.

The Court also notes that Graves has yet to respond to the Government's notice of intent to use these records, dkt. 104, and that the parties have discussed the possibility of conducting a bifurcated trial in which to present evidence related to the 851 enhancement until after a verdict for the 922(g)

10

charge is reached.[2]  Accordingly, the Court takes the Government's request for a preliminary ruling on the admission of additional evidence of Graves's serious violent felony **under advisement** and will hear further argument on June 1, 2026, before the start of trial.  The parties should come prepared to discuss the Government's motion at dkt. 104, whether conducting a bifurcated trial will resolve the issues presented in that motion, and whether, when, and how the jury should be informed of the Government's charge that Graves is a serious violent felon.

**D.      Evidence of Sexual Items and Content**

Graves's third motion in limine seeks an order "precluding the Government from introducing any evidence, argument, or testimony regarding sex toys or sexual paraphernalia found during the search of Mr. Graves's home or cell phone."  Dkt. 69 ¶ 3.  The Government filed a response in which it stated it "does not intend to introduce or highlight evidence related to the defendant's sexuality or sex items found at the defendant's home."  Dkt. 92 ¶ 3.  However, it stated its intention of playing body camera footage of the discovery of methamphetamine in the home where a sexual item is visible.  *Id.* ¶ 4.  After hearing oral argument on the matter at the final pretrial conference, the Court ordered the Government to consider ways to redact or otherwise limit use of the evidence to which Graves objected.  Dkt. 94 at 4.  It also ordered Graves to submit to the Court a list of

---

[2] The Court ordered the Government to "file updated case-specific jury instructions" related to the 851 enhancement by May 26, 2026.  Dkt. 98 at 3.  These have yet to be filed.  The Court reminds the Government of its prior order.

11

exhibits to which he objected under this motion in limine. *Id.* Graves did so, objecting to exhibits 7 and 10. Dkt. 105. In the same filing, Graves indicated the Government has agreed to redact the portions of the videos subject to this motion in limine. *Id.* at 2 n.1. Accordingly, Graves's third motion in limine is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, the Court makes these preliminary rulings. The Government's first motion in limine, dkt. [74], is **GRANTED in part** and **DENIED in part**. The Government's second motion in limine, dkt. [75], is **DENIED**. Graves's first, second, and third motions in limine, dkt. [69], are **GRANTED**. The Court takes the Government's request for a preliminary ruling on evidence related to Graves's serious violent felony **under advisement**.

**SO ORDERED.**

Date: 5/29/2026

_____
Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

Cristina Caraballo-Colon
DOJ-USAO
cristina.caraballo.colon@usdoj.gov

Patrick Gibson
DOJ-USAO
patrick.gibson@usdoj.gov

Lawrence Darnell Hilton
Fisher & Phillips
lhilton@fisherphillips.com